UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

FERNANDO MARTINEZ,
and other similarly
situated individuals,

    Plaintiff(s),

v.

123 WASH INC.,
d/b/a SUPERIOR WASH,
SOUTH FLORIDA WASH SERVICE LLC,
VINCENT GARCIA and
JOSEPH KENNETH SCOTT
a/k/a JODY SCOTT, individually,

    Defendants,
_____/

**COLLECTIVE ACTION COMPLAINT**
(OPT-IN PURSUANT TO 29 USC § 216(b))

    Comes now the Plaintiff FERNANDO MARTINEZ and other similarly situated individuals, by and through the undersigned counsel, and hereby sue Defendants 123 WASH INC., d/b/a SUPERIOR WASH, SOUTH FLORIDA WASH SERVICE LLC, VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT, individually, and alleges:

Jurisdiction Venues and Parties

1. This is an action to recover monetary damages for unpaid overtime wages and retaliation under United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 USC § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff FERNANDO MARTINEZ is a resident of Broward County, Florida. Plaintiff is a covered employee for purposes of the Act.

3. Defendants 123 WASH INC., d/b/a SUPERIOR WASH, and SOUTH FLORIDA WASH SERVICE LLC are Florida corporations having a place of business in Broward County, within this Court Jurisdiction. At all times material, Defendants were and are engaged in interstate commerce.

4. The individual Defendants VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT were and are now the owners/partners/officers and managers of Defendant Corporations 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC. These individual Defendants were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)].

5. Defendants 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC are joint employers of Plaintiffs. They also constitute a joint enterprise for the purpose of reaching the $500,000.00 threshold, which triggers enterprise coverage.

6. All the actions raised in this complaint took place in Broward County, Florida, within this Court's jurisdiction.

General Allegations

7. This cause of action is brought by Plaintiff FERNANDO MARTINEZ as a collective action to recover from Defendants regular and overtime compensation, retaliatory and liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 USC § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after June 2020, (the "material time") without being adequately compensated.

8. Defendants 123 WASH INC., d/b/a SUPERIOR WASH, and SOUTH FLORIDA WASH SERVICE LLC are mobile fleet truck washing companies.

9. **Enterprise Coverage**

    Defendant companies 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC were, at all times pertinent to this Complaint, engaged in interstate commerce as defined in §3(s) of the Act, 29 U.S.C. §203(s)(1)(B). At all times pertinent to this Complaint, Defendants operate as organizations that sell and/or market and/or handle their services and/or goods and/or materials to customers from throughout the United States and also provide its services to vehicles transporting merchandise across state lines. Defendants have more than two employees directly and recurrently engaged in interstate commerce. Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, and transmits funds outside of Florida. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

10. Plaintiff and other similarly situated individuals were employed by an enterprise engaged in interstate commerce. Plaintiff and other employees similarly situated regularly and recurrently participated in interstate commerce within the meaning of the FLSA. Plaintiff and other similarly situated were truck pressure washers servicing trucks transporting merchandise across state lines. Therefore, there is individual coverage.

11. **Joint Enterprise Aggregation of Income to Reach $500,000.00 Threshold**

    Defendant, (1) 123 WASH INC., d/b/a SUPERIOR WASH together with (2) SOUTH FLORIDA WASH SERVICE LLC, operated as an "enterprise," as defined in 29 U.S.C. §

203 (r); 29 C.F.R. § 779.202. The combined income of the entities may be aggregated to meet the $500,000.00 threshold and establish enterprise coverage. The two entities functioned as a single unit for the purpose of providing truck washing services through the labor of the Plaintiff. *Cornell v. CF Ctr., LLC*, 410 Fed. Appx. 265, 267 (11th Cir. 2011). The entities performed related activities using their employees to perform truck washing services, had common vendors, transferred products and materials from one place to the other, jointly created business schedules, shared employees, and managers, provided mutually supportive services, had the same owners, officers, performed unified operations, they engaged in truck pressure washer activities through a unified operation control, and/or were commonly controlled and had a common business purpose (i.e., the truck pressure washer business).

12. **Joint Employment**

    Defendants 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC are mobile fleet truck washing companies providing services to commercial accounts.

13. Defendants123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC have facilities located at 1020 NE 44 ST Oakland Park, FL 33334.

14. Defendants 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC were joint employers of Plaintiffs because: 1) Corporate Defendants were equally responsible for the work performed by Plaintiff and other similarly situated individuals; 2) Defendants through their owners/managers had equal and absolute control over the schedules of Plaintiff and other employees similarly situated; 3) Defendants through their management jointly and equally determined terms and employment

conditions of Plaintiff and other employees similarly situated; 4) the work performed by Plaintiff and other similarly situated individuals was an integral part of the business operation of the Defendant companies; 5) the Corporate Defendants had equal power to hire and to fire employees from 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC; 6) Defendants' employees and supervisors supervised schedules, and times records of Plaintiff and other similarly situated individuals; 7) Defendants engaged in a conspiracy where 123 WASH INC., d/b/a SUPERIOR WASH paid the wages using a scheme to avoid overtime pay, payroll taxes, and worker compensations expenses, and as such became a unified operation.

15. Therefore, Defendant companies equally hired and fired employees, supervised, and controlled Plaintiffs' work schedules, and maintained employment records of Plaintiffs and other similarly situated individuals. Because the work performed by Plaintiffs and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC are joint employers.

16. Defendants 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC are also the joint employers of Plaintiffs and other similarly situated employees under the FLSA's broad definition of "employer" (29 USC §203 (d)), and they are jointly and severally liable for Plaintiff's damages.

17. In the alternative, Defendant companies directly employed Plaintiff. Defendants 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT employed Plaintiffs. The individual Defendants had operational control over the company, managed,

supervised, and oversaw the company's affairs and/or its employees, and had responsibility for supervision over employees such as Plaintiffs.

18. Therefore, because the work performed by Plaintiff and other similarly-situated individuals simultaneously benefited all Defendants and directly or indirectly furthered their joint interests, Defendants 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC are a joint enterprise and joint employers of Plaintiff.

19. From now on, corporate Defendants 123 WASH INC., d/b/a SUPERIOR WASH and SOUTH FLORIDA WASH SERVICE LLC, will be called SUPERIOR WASH, collectively.

20. Defendants SUPERIOR WASH, VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT employed Plaintiff FERNANDO MARTINEZ as a non-exempted, full-time truck pressure washer employee from approximately November 15, 2012, to June 08, 2023, or more than ten years. However, for FLSA purposes, Plaintiff's relevant employment period is 155 weeks.

21. Plaintiff had duties as a truck pressure washer employee.  During his relevant time of employment, Plaintiff had an hourly rate of $14.00, $16.00, and $18.00 an hour.

22. During the relevant period of employment, Plaintiff had an irregular schedule. Plaintiff worked weeks of five and six days, but he always worked a minimum average of 80 hours weekly.  Defendant deducted one hour daily as lunchtime, although Plaintiff was not able to take one full hour as lunchtime.

23. While employed by Defendants Plaintiff always worked more than 40 hours. Plaintiff was paid for almost all his working hours at his regular wage rate, but he was not paid for overtime hours. as required by law.

24. To circumvent the overtime requirements of the FLSA, Defendant implemented a scheme using a fictitious wage rate. For example, Plaintiff's wage rate for 2023, was $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

25. In a workweek of 80 hours, Defendant deducted five hours as lunchtime and paid Plaintiff for approximately 75 hours, or $18.00 wage rate x 75 working hours=$1,350.00 weekly. Defendant used the minimum wage rate of $11.00 an hour and paid Plaintiff like this:

    ```
    Regular rate    $11.00   x  40   reg. hours= $440.00
    Overtime rate   $16.50   x  35   O/T hours=$577.50
                                                $1,017.50
    Bonus                                       $ 332.50
    Total                        75 hours       $1,350.00 (which is $18.00 x 75 hrs=$1,350.00)
    ```

26. Defendant used the minimum wage rate ($11.00) to calculate the overtime rate ($16.50) resulting in 40 regular hours paid at the regular rate of $11.00 plus 35 O/T hours paid at the overtime rate of $16.50. The difference between this fictitious calculation and the real straight wages for 75 hours paid at $18.00 an hour was paid as a bonus ($332.50).

27. Defendants paid Plaintiff using always the same formula. Plaintiff was paid bonuses every week to compensate Plaintiff's working hours paid at his actual regular rate of $18.00 an hour.

28. Regardless of the distribution or splitting of Plaintiff's wages, Plaintiff was not paid for overtime hours. Plaintiff was a non-exempted employee, and he is entitled to be paid half-time overtime for every hour in excess of 40 worked during his relevant employment period.

29. In addition, Defendants deducted from Plaintiff's wages one hour daily of lunchtime, Nevertheless, Plaintiff took only 30 minutes. As a consequence, Plaintiff is owed 2.5 or 3 additional overtime hours.

Page 7 of 19

30. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

32. Plaintiff was paid with paystubs that did not provide accurate information such as the number of days and hours worked and provided false information about Plaintiff's wage rate.

33. On or about June 05, 2023, Plaintiff complained to business owner Vincent Garcia. Plaintiff complained about missing payment for one whole day of work and missing payment for overtime hours. As a response, Plaintiff was suspended, and on or about June 08, 2023, business owner Vincent Garcia fired Plaintiff.

34. On or about June 09, 2023, Defendants gave Plaintiff check # 18714 for the amount of $108.00, paying Plaintiff for six working hours at the rate of $18.00 an hour ($18.00 x 6 hours=$108.00). This payment evidenced Plaintiff's actual wage rate.

35. At times mentioned, individual Defendants VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT were, and are now, the owners/partners/managers of SUPERIOR WASH. Defendants VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT were the employers of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 USC § 203(d)]. These individual Defendants acted directly in SUPERIOR WASH's interests concerning its employees, including Plaintiff and others similarly

situated. Defendants VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT had financial and operational control of the business determining Plaintiff's terms and conditions of employment. Accordingly, they are jointly and severally liable for Plaintiff's damages.

36. Plaintiff FERNANDO MARTINEZ seeks to recover unpaid overtime wages for every hour worked over 40 during his entire employment, retaliatory damages, liquidated damages, and any other relief as allowable by law.

## Collective Action Allegations

37. Plaintiff brings this action pursuant to the Fair Labor Standards Act, 29 USC §§201, *et seq.* ("the Act"). Section 216 (b) for jurisdictional placement).

38. Plaintiff contends that Defendants, in this case, violated the Fair Labor Standards Act by failing to pay Plaintiff and other similarly situated individuals the proper compensation for every regular and overtime hour worked at the rate of time and one-half their regular rate.

39. This action is intended to include every truck pressure washer employee and any similarly situated individuals who worked for Defendants at any time during the past three (3) years.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

40. Plaintiff FERNANDO MARTINEZ re-adopts every factual allegation stated in paragraphs 1-39 above as if set out in full herein.

41. Defendants SUPERIOR WASH, VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT employed Plaintiff FERNANDO MARTINEZ as a non-exempted, full-time truck pressure washer employee from approximately November 15, 2012, to June

08, 2023, or more than ten years. However, for FLSA purposes, Plaintiff's relevant employment period is 155 weeks.

42. Plaintiff had duties as a truck pressure washer employee. During his relevant time of employment, Plaintiff had an hourly rate of $14.00, $16.00, and $18.00 an hour.

43. During the relevant period of employment, Plaintiff had an irregular schedule. Plaintiff worked weeks of five and six days, but he always worked a minimum average of 80 hours weekly. Defendant deducted one hour daily as lunchtime, although Plaintiff was not able to take one full hour as lunchtime.

44. While employed by Defendants Plaintiff always worked more than 40 hours. Plaintiff was paid for almost all his working hours at his regular wage rate, but he was not paid for overtime hours. as required by law.

45. To circumvent the overtime requirements of the FLSA, Defendant implemented a scheme using a fictitious wage rate. For example, Plaintiff's wage rate for 2023, was $18.00 an hour. Plaintiff's overtime rate should be $27.00 an hour.

46. Defendant used a fictitious minimum wage rate ($11.00) and overtime rate ($16.50) showing that they were paying correctly regular and overtime hours. The difference was paid as a bonus.

47. Regardless of the distribution or splitting of Plaintiff's wages, Plaintiff was not paid for overtime hours. Plaintiff was a non-exempted employee, and he is entitled to be paid half-time overtime for every hour in excess of 40 worked during his relevant employment period.

48. In addition, Defendants deducted from Plaintiff's wages one hour daily of lunchtime, Nevertheless, Plaintiff took only 30 minutes. As a consequence, Plaintiff is owed 2.5 or 3 additional overtime hours.

49. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

50. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

51. Plaintiff was paid with paystubs that did not provide accurate information such as the number of days and hours worked and provided false information about Plaintiff's wage rate.

52. Plaintiff was fired on or about June 08, 2023, after he complained about unpaid wages.

53. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendants. However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

54. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

55. Upon information and belief, Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Accordingly, Defendants violated the Posting requirements of 29 USC § 516.4.

56. Plaintiff is not in possession of time and payment records, but he will provide a reasonable good-faith estimate based on his recollections and his knowledge. After discovery, Plaintiff will amend his statement of claim.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

       Twenty-Nine Thousand Nine Hundred Seven Dollars and 00/100 ($29,907.50)

    b. <u>Calculation of such wages</u>:

       Total period of employment: more than 10 years
       Total relevant weeks of employment: 155 weeks

       **1.- Overtime for 115 weeks paid at $14.00 an hour**
       Relevant weeks: 115 weeks
       Total number of days worked: 6 days weekly
       Total hours worked: 80 hours
       Total hours paid: 77.5 hours
       O/T unpaid hours: 17.5 O/T hours
       Regular rate $14.00 an hour x 1.5=$21.00
       O/T rate: $21.00-$14.00 O/T rate paid=$7.00
       Half-time O/T rate: $7.00

         i. $7.00 half-time x 17.5 O/T hrs=$122.50 weekly x 115 weeks=$14,087.50
         ii. $21.00 O/T rate x 3 hrs (lunchtime)=$63.00 wkly x 115 weeks=$7,245.00

       **2.- Overtime for 17 weeks paid at $16.00 an hour**

       Relevant weeks: 17 weeks
       Total number of days worked: 5 days weekly
       Total hours worked: 80 hours
       Total hours paid: 77.5 hours
       O/T unpaid hours: 17.5 O/T hours
       Regular rate $16.00 an hour x 1.5=$24.00
       O/T rate: $24.00-$16.00 O/T rate paid=$8.00
       Half-time O/T rate: $8.00

         i. $8.00 half-time x 17.5 O/T hrs=$140.00 weekly x 17 weeks=$2,380.00
         ii. $24.00 O/T rate x 2.5 (lunchtime)=$60.00 wkly x 17 weeks=$1,020.00

       **3.- Overtime for 23 weeks paid at $18.00 an hour**

       Relevant weeks: 23 weeks
       Total number of days worked:  5 days weekly

        Total hours worked: 80 hours
        Total hours paid: 77.5 hours
        O/T unpaid hours: 17.5 O/T hours
        Regular rate $18.00 an hour x 1.5=$27.00
        O/T rate: $27.00-$18.00 O/T rate paid=$9.00
        Half-time O/T rate: $9.00

      i.    $9.00 half-time x 17.5 O/T hrs=$157.50 weekly x 23 weeks=$3,622.50
     ii.    $27.00 O/T rate x 2.5 (lunchtime)=$67.50 wkly x 23 weeks=$1,552.50

  Total #1. #2 and #3: $29,907.50

c. <u>Nature of wages (e.g., overtime or straight time):</u>

This amount represents unpaid overtime wages.[1]

57. At all times, material hereto, the Employers/Defendants failed to comply with Title 29 USC §207 (a) (1). In that, Plaintiff and those similarly situated performed services and worked more than the maximum hours provided by the Act. Still, Defendants made no provision to properly pay them at the rate of time and one-half for all hours worked over forty hours (40) per workweek as provided in said Act.

58. Defendants knew and showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

59. Defendants SUPERIOR WASH, VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one-half his regular rate, as required by the law of the United States,

---

[1] At this time, Plaintiff has limited time and payment records. Accordingly, Plaintiff estimates his damages and reserves his right to amend the calculations.

and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

60. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer for Relief

Wherefore, Plaintiff FERNANDO MARTINEZ and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff FERNANDO MARTINEZ and other similarly situated individuals and against the Defendants SUPERIOR WASH, VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT based on Defendants' willful violations of the Fair Labor Standards Act, 29 USC § 201 et seq.; and

B. Award Plaintiff FERNANDO MARTINEZ actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## Demand for a Jury Trial

Plaintiff FERNANDO MARTINEZ demands a trial by a jury of all issues triable as of right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION: RETALIATORY DISCHARGE; PURSUANT TO 29 USC 215(a)(3); AGAINST ALL DEFENDANTS

61. Plaintiff FERNANDO MARTINEZ re-adopts every factual allegation stated in paragraphs 1-39 of this Complaint as if set out in full herein.

62. Defendant SUPERIOR WASH was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 USC § 203(r) and 203(s)(1)(A).

63. By reason of the foregoing, Defendants' business activities involve those to which the Fair Labor Standards Act applies.

64. 29 USC § 207 (a) (1) states, "If an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

65. Likewise, 29 USC 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

66. Defendants SUPERIOR WASH, VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT employed Plaintiff FERNANDO MARTINEZ as a non-exempted, full-time truck pressure washer employee from approximately November 15, 2012, to June 08, 2023, or more than ten years. However, for FLSA purposes, Plaintiff's relevant employment period is 155 weeks.

67. Plaintiff had duties as a truck pressure washer employee. During his relevant time of employment, Plaintiff had an hourly rate of $14.00, $16.00, and $18.00 an hour.

68. During the relevant period of employment, Plaintiff had an irregular schedule. Plaintiff worked weeks of five and six days, but he always worked a minimum average of 80 hours weekly. Defendant deducted one hour daily as lunchtime, although Plaintiff was not able to take one full hour as lunchtime.

69. While employed by Defendants Plaintiff always worked more than 40 hours. Plaintiff was paid for almost all his working hours at his regular wage rate, but he was not paid for overtime hours. as required by law.

70. To circumvent the overtime requirements of the FLSA, Defendant implemented a scheme using a fictitious wage rate.

71. Defendant used a fictitious minimum wage rate and overtime rate showing that they were paid correctly for regular and overtime hours. The difference was paid as a bonus.

72. Regardless of the distribution or splitting of Plaintiff's wages, Plaintiff was not paid for overtime hours. Plaintiff was a non-exempted employee, and he is entitled to be paid half-time overtime for every hour in excess of 40 worked during his relevant employment period.

73. In addition, Defendants deducted from Plaintiff's wages one hour daily of lunchtime, Nevertheless, Plaintiff took only 30 minutes. As a consequence, Plaintiff is owed 2.5 or 3 additional overtime hours.

74. Plaintiff clocked in and out, and Defendants were in absolute control of his schedule and activities. Defendants knew the number of hours that Plaintiff and other similarly situated individuals were working.

75. Therefore, Defendants willfully failed to pay Plaintiff overtime wages, at the rate of time and a half his regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

76. Plaintiff was paid with paystubs that did not provide accurate information such as the number of days and hours worked and provided false information about Plaintiff's wage rate.

77. On or about June 05, 2023, Plaintiff complained to business owner Vincent Garcia. Plaintiff complained about missing payment for one whole day of work and about missing overtime payment.

78. This Complaint constituted protected activity under the FLSA.

79. However, in response to Plaintiff's complaint, Plaintiff was suspended by business owner Vincent Garcia.

80. On or about June 08, 2023, Plaintiff went to Defendants' facilities to ask when he could return to work, but business owner Vincent Garcia fired Plaintiff immediately.

81. At the time of his termination, Plaintiff was performing the essential functions of his position satisfactorily. There was no other reason than retaliation to fire him.

82. There is close proximity between Plaintiff's protected activity and his termination.

83. The motivating factor which caused Plaintiff's discharge as described above was his complaint seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been fired but for his complaints about unpaid regular and overtime wages.

84. The Defendants' termination of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

85. Plaintiff FERNANDO MARTINEZ has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorney's fee.

## Prayer For Relief

Wherefore, Plaintiff FERNANDO MARTINEZ respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants SUPERIOR WASH, VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT that Plaintiff FERNANDO MARTINEZ recovers compensatory damages and an equal amount of liquidated damages as provided under the law and in 29 USC § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants SUPERIOR WASH, VINCENT GARCIA, and JOSEPH KENNETH SCOTT, a/k/a JODY SCOTT to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff FERNANDO MARTINEZ further prays for such additional relief as the interests of justice may require.

## Demand for a Jury Trial

Plaintiff FERNANDO MARTINEZ demands a trial by a jury of all issues triable as a right by a jury.

Dated:  June 30, 2023

Respectfully submitted,

By: __/s/ Zandro E. Palma__
ZANDRO E. PALMA, P.A.

                                                Florida Bar No.: 0024031  
                                                9100 S. Dadeland Blvd.  
                                                Suite 1500  
                                                Miami, FL 33156  
                                                Telephone: (305) 446-1500  
                                                Facsimile:  (305) 446-1502  
                                                zep@thepalmalawgroup.com  
                                                *Attorney for Plaintiff*